Ryan S. Riger, Esq.
NJ Bar # 518122024
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel: (516) 248-5550
Fax: (516) 248-6027
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAELL GRAVINI, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>BANANA KING GROUP LLC d/b/a IT'S WAAO, and ELIECER MONTOYA, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 25-18477<br><br>Jury Trial Demanded |

YAELL GRAVINI ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against BANANA KING GROUP LLC d/b/a IT'S WAAO ("Banana King"), and ELIECER MONTOYA, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A., 34:11-56a4; (iii) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., 34:11-4.2; and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New Jersey limited liability company that operates at least seven fast-food restaurants in New Jersey, as well as its owner and day-to-day overseer - - primarily at Defendants' location in Elmwood Park, New Jersey, with occasional shifts at Defendants' restaurants in both Paterson and Clifton, New Jersey, first as a cashier from October 1, 2023, to December 4, 2024, then as a "manager," a managerial position in name only, from December 5, 2024, to August 1, 2025, and then again as a cashier from August 2, 2025, to November 16, 2025.  As described below, from the beginning of her employment until August 10, 2025 ("the Relevant Period"), regardless of title or location, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week.  Yet in exchange, Defendants paid Plaintiff on an hourly basis at her regular rate for each hour that she worked, and thus Defendants did not pay Plaintiff at her overtime rate of one and one-half times her regular rate for the hours that she worked over forty in a week, in violation of the FLSA's and the NJWHL's overtime provisions.

3.      Defendants also violated the NJWPL by withholding a portion of Plaintiff's wages on several occasions to compensate them for missing money in the cash register.

4.      Defendants paid and treated all of their hourly employees at all of their locations in this same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings her claims under the NJWHL and NJWPL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NJWHL and NJWPL limitations periods who worked for Defendants in New Jersey and who suffered damages as a result of Defendants' violations of those statutes.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed all of her work for Defendants in this District.

**PARTIES**

9.      At all times during at least the Relevant Period, Plaintiff worked for Defendants in New Jersey and was an "employee" entitled to protection as defined by the FLSA, the NJWHL, and the NJWPL.

10.     At all relevant times herein, Defendant Banana King was and is a New Jersey limited liability company with its headquarters and address for service of process located at 285 Aycrigg Avenue, Apartment 20K, Passaic, New Jersey 07055.

11.     At all relevant times herein, Defendant Montoya was and is the owner of Banana King, who in that role managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay and work schedules, and for maintaining employees' employment records, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

12.     At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA, the NJWHL, and the NJWPL.  Additionally, at all times relevant to the FLSA, Banana King's qualifying annual business exceeded and exceeds $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees and have operated a business that purchases and sells numerous products that have moved across state lines, such as food supplies and kitchen equipment needed to prepare food.  Defendants also accept payments in cash that naturally moves across state lines, as well as credit cards that are processed by out-of-state banking companies.  The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former hourly-paid employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as managers, cashiers, cooks, food preparers, or in a similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. At all relevant times herein, Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) have been subject to the same laws and regulations; (3) have been paid in the same or similar manner; (4) have been required to work in excess of forty hours in a workweek; and (5) have not been paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times herein, Defendants are and have been aware of the requirement to pay their hourly employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged numerous complaints to Defendant Montoya and her managers that Defendants were not paying her for her overtime hours worked in accordance with the law, but Defendants continued not to pay Plaintiff overtime premiums for her hours worked over forty in a week.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NJWHL and NJWPL during the applicable statutory periods.

18.     Under FRCP 23(b)(3), a plaintiff must plead that:

   a.   The class is so numerous that joinder is impracticable;

   b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.   Claims or defenses of the representative are typical of the class;

   d.   The representative will fairly and adequately protect the class; and

   e.   A class action is superior to other methods of adjudication.

19.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former hourly employees, such as managers, cashiers, cooks, food preparers, or those working in a similar position, who during the applicable NJWHL and NJWPL limitations periods, performed any work for Defendants in New Jersey ("Rule 23 Plaintiffs").

### Numerosity

20.     During all times applicable to the NJWHL and the NJWPL, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants have properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants have compensated and compensate the Rule 23 Plaintiffs the full amount of wages due to them; (5) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (6) whether Defendants have kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs; (7) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NJWHL and the NJWPL and their supporting regulations; and (9) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as hourly employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants, in New Jersey, in excess of forty hours in a week, yet Defendants have failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of forty, and further not

paid them all wages due. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NJWHL and the NJWPL to receive overtime wages at the rate of one and one-half times their regular rates of pay for all hours worked per week in excess of forty and to receive payment for all wages due. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL and the NJWPL. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation, or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

23.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times her regular rate of pay for all hours worked over forty in a week and did not pay her all wages due, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for her testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

25.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims

8

that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any hourly employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

28. Defendant Banana King is a New Jersey limited liability company that operates several fast-food restaurants in New Jersey, which does business and holds its restaurants out to the public under the trade name "It's Waao," at least at the following locations:

   a. 485 Crooks Avenue, Clifton, New Jersey 07011;

   b. 206 US-46, Elmwood Park, New Jersey 07407;

   c. 279 Main Street, Paterson, New Jersey 07505;

   d. 263 21st Avenue, Paterson, New Jersey 07501;

   e. 895 Main Avenue, Passaic, New Jersey 07055;

   f. 217 RT-3 E, Secaucus, New Jersey 07094; and

   g. 1 American Dream Way, East Rutherford, New Jersey.

29. As detailed above, Defendant Montoya is the owner and day-to-day overseer of the business who is ultimately responsible for all significant personnel-related decisions.  To that end, Montoya hired Plaintiff, set Plaintiff's rate of pay and paid her, and maintained or should have maintained Plaintiff's employment records, while Montoya's managers set Plaintiff's hours and communicated Plaintiff's work instructions to her.

30.     Plaintiff worked for Defendants at Defendants' location in Elmwood Park, New Jersey, with occasional shifts at Defendants' restaurants in Paterson and Clifton, New Jersey, first as a cashier from October 1, 2023, to December 4, 2024, then as a "manager," a managerial position in name only, from December 5, 2024 to August 1, 2025, and then again as a cashier from August 2, 2025, to November 16, 2025.

31.     As a cashier, Plaintiff's primary job duties consisted of greeting customers and operating the cash register.

32.     As a manager, Plaintiff's primary job duties consisted of greeting customers, operating the cash register, handling inventory, and directing other cashiers to do the same.

33.     Throughout Plaintiff's employment, regardless of title or location, Defendants required Plaintiff to work, and Plaintiff did work, five to seven days per week, in shifts that range from two to eleven hours, without any scheduled or uninterrupted break, for a total of forty-one to fifty-four and one-half hours per week.

34.     Throughout her employment, regardless of title of location, Defendants paid Plaintiff on an hourly basis at the rate of $15.13 from October 1, 2023, to December 4, 2024, and then at the rate of $17.13 from December 5, 2024, to November 16, 2025, for all hours that Plaintiff worked in a week, including those hours that Plaintiff worked in a week over forty.

35.     At no time during her employment did Defendants pay Plaintiff at the rate of one and one-half times her regular rate of pay, which should have been $22.70 from October 1, 2023, to December 4, 2024, and then $25.70 from December 5, 2024, to November 16, 2025, for any hours that she worked over forty in a week.

36.     By way of example only, for the week of October 14 through October 20, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with no

10

scheduled or uninterrupted break during her shifts, as a cashier at Defendants' Elmwood Park location:

Monday, October 14, 2024: 8:00 p.m. until 5:00 a.m. the following morning;

Tuesday, October 15, 2024: off;

Wednesday, October 16, 2024: 8:00 p.m. until 5:00 a.m. the following morning;

Thursday, October 17, 2024: 10:00 p.m. until 6:30 a.m. the following morning;

Friday, October 18, 2024: 1:00 p.m. until 9:30 p.m.;

Saturday, October 19, 2024: 7:30 p.m. until 6:30 a.m. the following morning; and

Sunday, October 20, 2024: 2:00 p.m. until 10:30 p.m.

Accordingly, Plaintiff worked a total of fifty-four and one-half hours during this week. In exchange, Defendants paid Plaintiff $15.13 per hour for all hours that she worked, for a total of $824.59. Thus, Defendants did not pay Plaintiff an overtime premium at the rate of one and one-half times her regular rate, which should have been an extra $7.57 per hour, for the fourteen and one-half hours that she worked in excess of forty that week.

37. By way of a second example, for the week of April 28 through May 4, 2025, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with no scheduled or uninterrupted break during her shifts, as a manager at Defendants' Elmwood Park location:

Monday, April 28, 2025: 6:00 a.m. until 4:30 p.m.;

Tuesday, April 29, 2025: 6:00 a.m. until 3:30 p.m.;

Wednesday, April 30, 2025: off;

Thursday, May 1, 2025: 6:00 a.m. until 4:30 p.m.;

Friday, May 2, 2025: 6:00 a.m. until 4:30 p.m.;

11

Saturday, May 3, 2025: 6:00 a.m. until 3:30 p.m.; and

Sunday, May 4, 2025: 11:00 a.m. until 1:00 p.m.

Accordingly, Plaintiff worked a total of fifty-two and one-half hours during this week. In exchange, Defendants paid Plaintiff $17.13 per hour for every hour that she worked, for a total of $899.33. Thus, Defendants did not pay Plaintiff an overtime premium at the rate of one and one-half times her regular rate, which should have been an extra $8.57 per hour, for the twelve and one-half hours that she worked in excess of forty that week.

38.     Defendants paid Plaintiff on a biweekly basis, every-other Friday, by cash from October 1, 2023 until May 2024, and then by a combination of check and cash from May 2024 until November 16, 2025.

39.     On at least four occasions when Defendants paid Plaintiff, Defendants deducted approximately $120 from Plaintiff's wages to compensate them for missing money in the cash register.

40.     Defendants have acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

41.     Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

42.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked has been for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

43.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

12

44.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

46.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

47.    Defendants have willfully violated the FLSA.

48.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NJWHL*

50.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.    The NJWHL requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52.    As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NJWHL.

13

53.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NJWHL's overtime provisions.

54.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWHL's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Full Wages Owed in Violation of the NJWPL*

56.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.    The NJWPL requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

58.    As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NJWPL.

59.    As also described above, Defendants have failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action the full amount of wages due to them each pay period.

14

60.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to payment for all wages due to them that were not paid.

61.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWPL's full payment provisions.

## DEMAND FOR A JURY TRIAL

62.    Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NJWHL and NJWPL as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages, treble damages, and any other statutory penalties as recoverable under the FLSA, the NJWHL, and the NJWPL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP;

j. Awarding pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: Garden City, New York
      December 10, 2025

                                Respectfully submitted,

                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiff*
                                910 Franklin Avenue, Suite 205
                                Garden City, New York 11530
                                Tel. (516) 248-5550
                                Fax. (516) 248-6027

          By: _____
                                RYAN S. RIGER, ESQ. (518122024)
                                MICHAEL J. BORRELLI, ESQ. (*application for pro hac vice admission forthcoming*)